**COOPER & SCHALL, P.C.**
**BY: CHARLES S. COOPER, ESQUIRE**
**ATTY. I.D. NO. 46568**
**1831 CHESTNUT , SECOND FLOOR**
**PHILADELPHIA, PA 19103**
**PHONE: 215-561-3313**                    **ATTORNEY FOR PLAINTIFFS**

---

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **BRUCE JOHNSON** | : | |
| 6024 Keystone Street | : | |
| Philadelphia, PA 19135 | : | |
| | : | **DISTRICT COURT** |
| and | : | |
| | : | |
| **VERCIE JOHNSON** | : | |
| 6024 Keystone Street | : | **NO.:** |
| Philadelphia, PA 19135 | : | |
| Plaintiffs | : | |
| v. | : | |
| **JEANETTE FOREMAN** | : | |
| 8145 Flag Pond Road | : | |
| Sanford, VA 23426 | : | |
| Defendant | : | |

---

## CIVIL ACTION COMPLAINT

1.     Plaintiff, Bruce Johnson, is an adult individual and citizen of the state of Pennsylvania, and who resides at who resides at 6024 Keystone Street, Philadelphia, PA 19135.

2.     Plaintiff, Vercie Johnson, is an adult individual and citizen of the state of Pennsylvania, and who resides at 6024 Keystone Street, Philadelphia, PA 19135.

3.     Defendant, Jeanette Foreman, is an adult individual and citizen of the state of Virginia, and who resides at 8145 Flag Pond Road, Sanford, Virginia, 23426

4.     Subject matter jurisdiction of this action is conferred upon this United

States District Court for the District of Delaware under 28 U.S.C. § 1332 by reason of the diversity of citizenship of the parties and an amount in controversy that exceeds, exclusive of interest and costs, the sum of One Hundred and Fifty Thousand Dollars ($150,000.00).

5.  Personal jurisdiction over Defendants is conferred upon this United States District Court for the District of Delaware by reason of the Delaware Long Arm Statute Del. Code Ann. tit. 10, § 3104 et seq. since Defendants regularly transact business within the State of Delaware and/or contract to supply their goods within the State of Delaware and/or had their accident with the Plaintiff in the State of Delaware thereby purposefully availing themselves of the privilege of acting within the State of Delaware and thus invoking the benefits and protections of its law; and since the acts of Defendants have a substantial connection with the State of Delaware so as to make the exercise of jurisdiction over Defendants reasonable.

6.  Plaintiff demands a jury on all issues in this case pursuant to the Seventh Amendment to the United States Constitution and Federal Rule of Civil Procedure 38.

7.  On or about August 25, 2004, Plaintiff, Bruce Johnson, was the owner and/or possessor and/or occupier and/or operator of a motor vehicle which was involved in a motor vehicle collision while stopped at a gas station occurring on Route 13 in New Castle County in the State of Delaware.

8.  On the aforementioned date, Plaintiff, Vercie Johnson, was the passenger and/or owner and/or possessor and/or occupier of a motor vehicle which was involved in a motor vehicle collision while stopped at a gas station occurring on Route 13 in New Castle County in the State of Delaware.

## COUNT I – NEGLIGENCE
## BRUCE JOHNSON V. JEANETTE FOREMAN

9. Plaintiff, Bruce Johnson, hereby incorporates Paragraphs 1-8 as if same were set forth at length herein.

10. On the aforementioned date, Defendant, Jeanette Foreman, operated said vehicle in such a negligent, careless, and reckless manner, so as to cause a violent collision with Plaintiffs, Bruce Johnson and Vercie Johnson vehicle, which did cause severe and extensive injury to Plaintiff, Bruce Johnson, as more fully set forth at length herein.

13. This accident was caused solely from the negligence, carelessness, and/or recklessness of Defendant, Jeanette Foreman, and was in no manner whatsoever due to any act of negligence on the part of Plaintiff, Bruce Johnson, or Plaintiff, Vercie Johnson.

14. The negligence, careless, and/or recklessness of Defendant, Jeanette Foreman, herein consisted of any and/or all of the following:

(a) failure to properly operate said vehicle;
(b) failure to apply breaks sufficiently in time to avoid an accident;
(c) failure to properly calculate distance of vehicle with respect to other vehicles on the road;
(d) failure to drive at a reasonable speed;
(e) failure to remain in a single lane;
(f) failure to be aware of other vehicles on the roadway;
(g) failure to remain in control of her vehicle;
(h) failure to use all prudent and necessary care for vehicular travel under the circumstances;
(i) violating applicable ordinances and codes for the State of Delaware and such other statutes and case law governing the operation of motor vehicles on the streets and highways; and
(j) such other acts of negligence, carelessness, and/or recklessness as may be adduced through discovery or at trial.

15. Due to all foregoing, Plaintiff, Bruce Johnson, suffered severe, permanent, and disabling personal injuries to the bones, muscles, nerves, tendons, tissues, discs, and blood vessels of his body as well as severe emotional upset, any and all of which are or may be permanent and all of which caused her great physical pain and mental anguish, with respect to the following, including, but not limited to: severe post-traumatic cervical strain and sprain with injury to myoligamentous structures, post traumatic right shoulder girdle strain and sprain with myofascitis of the right upper trapezius muscle, post traumatic upper dorsal strain and sprain with injury to myoligamentous structures, post traumatic contusion of the right hand and post traumatic contusion of the right thigh along other injuries of an unknown nature, severe aches, pains, mental anxiety and anguish, severe shock to her entire nervous system, exacerbation of all known and unknown pre-existing medical conditions, if any, and other injuries that will be permanent and the full extent of which is not yet known.

16. As a further result of the said accident, Plaintiff, Bruce Johnson, has suffered severe pain, mental anguish, humiliation, and embarrassment, and he will continue to suffer same for an indefinite period of time in the future.

17. As a further result of the said accident, Plaintiff, Bruce Johnson, has and will probably in the future, be obliged to receive and undergo medical attention, which was or will be reasonable and necessary arising from the aforesaid accident and will otherwise incur various expenditures for the injuries he has suffered.

18. Plaintiff, Bruce Johnson, has incurred medical expenses that were reasonable, necessary, and causally related to the aforesaid accident, including, but not limited to:

| | |
|---|---|
| Albert Einstein Medical Center | $     260.00 |
| Richard S. Glick | $   1,879.06 |
| North Philadelphia Rehab | $ 15,697.89 |
| Wyncote Physical Medicine | $     880.00 |
| **TOTAL** | **$ 18,716.95** |

19.     As a further result of the said accident, Plaintiff, Bruce Johnson, has been unable to attend to his daily chores, duties, and occupations, and he will be unable to do so for an indefinite time in the future, all to his great financial detriment and loss.

20.     As a further result of the said accident, Plaintiff, Bruce Johnson, has and will suffer severe loss of his earnings and/or impairment of his earning capacity.

**WHEREFORE**, Plaintiff, Bruce Johnson, demands judgment against Defendant, Jeanette Foreman, in excess of one hundred and fifty thousand ($150,000.00) dollars, for damages, together with interest and cost of suit.

### COUNT II – NEGLIGENCE
### VERCIE JOHNSON V. JEANETTE FOREMAN

21.     Plaintiff, Vercie Johnson, hereby incorporates Paragraphs 1-8 as if same were set forth at length herein.

22.     On the aforementioned date, Defendant, Jeanette Foreman, operated said vehicle in such a negligent, careless, and reckless manner, so as to cause a violent collision with Plaintiffs, Bruce Johnson and Vercie Johnson vehicle, which did cause severe and extensive injury to Plaintiff, Vercie Johnson, as more fully set forth at length herein.

23.     This accident was caused solely from the negligence, carelessness, and/or recklessness of Defendant, Jeanette Foreman, and was in no manner whatsoever due to any act of negligence on the part of Plaintiff, Bruce Johnson, or Plaintiff, Vercie Johnson.

24. The negligence, careless, and/or recklessness of Defendant, Jeanette Foreman, herein consisted of any and/or all of the following:

(a) failure to properly operate said vehicle;
(b) failure to apply breaks sufficiently in time to avoid an accident;
(c) failure to properly calculate distance of vehicle with respect to other vehicles on the road;
(d) failure to drive at a reasonable speed;
(e) failure to remain in a single lane;
(f) failure to be aware of other vehicles on the roadway;
(g) failure to remain in control of her vehicle;
(h) failure to use all prudent and necessary care for vehicular travel under the circumstances;
(i) violating applicable ordinances and codes for the State of Delaware and such other statutes and case law governing the operation of motor vehicles on the streets and highways; and
(j) such other acts of negligence, carelessness, and/or recklessness as may be adduced through discovery or at trial.

25. Due to all foregoing, Plaintiff, Vercie Johnson, suffered severe, permanent, and disabling personal injuries to the bones, muscles, nerves, tendons, tissues, discs, and blood vessels of his body as well as severe emotional upset, any and all of which are or may be permanent and all of which caused her great physical pain and mental anguish, with respect to the following, including, but not limited to: severe post-traumatic dorsal lumbrosacral strain and sprain with injury to myoligamentous structures, post traumatic bilateral radiculopathy, and post traumatic herniated lumbar disks along other injuries of an unknown nature, severe aches, pains, mental anxiety and anguish, severe shock to her entire nervous system, exacerbation of all known and unknown pre-existing medical conditions, if any, and other injuries that will be permanent and the full extent of which is not yet known.

26.  As a further result of the said accident, Plaintiff, Vercie Johnson, has suffered severe pain, mental anguish, humiliation, and embarrassment, and she will continue to suffer same for an indefinite period of time in the future.

27.  As a further result of the said accident, Plaintiff, Vercie Johnson, has and will probably in the future, be obliged to receive and undergo medical attention, which was or will be reasonable and necessary arising from the aforesaid accident and will otherwise incur various expenditures for the injuries she has suffered.

28.  Plaintiff, Vercie Johnson, has incurred medical expenses that were reasonable, necessary, and causally related to the aforesaid accident, including, but not limited to:

| | |
|---|---|
| Richard S. Glick | $ 1,753.53 |
| North Philadelphia Rehab | $ 9,985.86 |
| Wyncote Physical Medicine | $ 2,455.00 |
| **TOTAL** | **$ 14,194.39** |

29.  As a further result of the said accident, Plaintiff, Vercie Johnson, has been unable to attend to her daily chores, duties, and occupations, and she will be unable to do so for an indefinite time in the future, all to her great financial detriment and loss.

30.  As a further result of the said accident, Plaintiff, Vercie Johnson, has and will suffer severe loss of her earnings and/or impairment of her earning capacity.

**WHEREFORE**, Plaintiff, Vercie Johnson, demands judgment against Defendant, Jeanette Foreman, in excess of one hundred and fifty thousand ($150,000.00) dollars, for damages, together with interest and cost of suit.

Respectfully submitted,

_____
Charles S. Cooper, Esquire
Attorney for Plaintiffs,
Bruce Johnson and Vercie Johnson

Date:

# **V E R I F I C A T I O N**

I, CHARLES S. COOPER, ESQUIRE, counsel for Plaintiff, verifies that the statements made in the foregoing document are true and correct to the best of my knowledge. I understand that false statements herein are made subject to the penalties of relating to unsworn falsification to authorities.

_____
CHARLES S. COOPER, ESQUIRE
ATTORNEY FOR PLAINTIFFS

Date:

%JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Bruce Johnson and Vercie Johnson

**DEFENDANTS**
Jeanette Foreman

(b) County of Residence of First Listed Plaintiff   **Philadelphia**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   **Accomack**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)   Charles Cooper
Cooper and Schall   215-561-3313
1831 Chestnut Street, 2nd Floor, Phila. PA 19103

Attorneys (If Known)

06-525

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability   ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander   ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability   **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine   ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability   ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle   ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability   ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract |  |  | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) |  |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting   ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment   **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations   ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare   ☐ 535 Death Penalty |  |  | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment   ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other   ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights   ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC Section 1332
Brief description of cause:   Motor Vehicle Accident

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**   In excess of $150,000
CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____   DOCKET NUMBER _____

DATE   August 24, 2006
SIGNATURE OF ATTORNEY OF RECORD   x /s/ [signature]

**FOR OFFICE USE ONLY**

RECEIPT #   _____   AMOUNT   _____   APPLYING IFP   _____   JUDGE   _____   MAG. JUDGE   _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 06-525

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## NOTICE OF AVAILABILITY OF A
## UNITED STATES MAGISTRATE JUDGE
## TO EXERCISE JURISDICTION

I HEREBY ACKNOWLEDGE RECEIPT OF __1__ COPIES OF AO FORM 85.

__8-25-06__   __/s/ Mark Hattoon__
(Date forms issued)   (Signature of Party or their Representative)

__MARK HATTOON__   Heaven Sent 875
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action